**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | | |
|---|---|---|---|
| STATE OF DELAWARE | ) | | |
| | ) | | |
| v. | ) | I.D. Nos. | 0609012075 |
| | ) | | 0910006920 |
| | ) | | 1205011691 |
| JAVONE JOHNSON, | ) | | |
| | ) | | |
| Defendant. | ) | | |

Submitted: February 24, 2021
Decided: May 12, 2021

## <u>ORDER</u>

*Upon Defendant's Motion for Postconviction Relief*
**SUMMARILY DISMISSED**

Upon consideration of the Motion for Postconviction Relief ("R.61 Motion") filed by Javonne Johnson ("Defendant"); Rule 61 of the Superior Court Criminal Rules ("Rule 61"); the facts and arguments forth by Defendant; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. In Case No. 0609012075, Defendant was arrested on September 18, 2006; Defendant pled Guilty on February 5, 2007; Defendant was sentenced by Order dated April 13, 2007; and Defendant was found in violation and sentenced by Order dated April 12, 2013 when this probation was discharged as unimproved.

2. In Case No. 0910006920, Defendant was arrested on October 9, 2009; Defendant pled Guilty on April 12, 2010; Defendant was sentenced by Order dated

April 12, 2010; and was found in violation and sentenced by Order dated April 12, 2013.

3. In Case No. 1205011691, Defendant was arrested on May 21, 2012; Defendant pled Guilty on December 17, 2012; Defendant was sentenced by Order dated April 12, 2010; and was sentenced by Order dated April 12, 2013.

4. Defendant did not appeal any of these convictions or sentences to the Delaware Supreme Court.

5. Defendant filed his R.61 Motion on February 8, 2021. Accordingly, the current version of Rule 61 applies.[1]

6. Postconviction relief is a "collateral remedy which provides an avenue for upsetting judgments that have otherwise become final."[2] To protect the finality of criminal convictions, the Court must consider the procedural requirements for relief set out under Rule 61(i) before addressing the merits of the motion.[3]

7. Rule 61(i)(1) bars a motion for postconviction relief that is filed more than one year from a final judgment of conviction.[4] If a defendant does not file a

---

[1] *Phillips v. State*, 2020 WL 1487787, at *3 (Del. Mar. 25, 2020) (TABLE) (applying the version of Rule 61 in effect when defendant originally filed his postconviction motion). The current version of Rule 61 became effective on April 6, 2017. *See* Super. Ct. Crim. R. 61.
[2] *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990).
[3] *Younger v. State*, 580, A.2d 552, 554 (Del. 1990).
[4] Super. Ct. Crim. R. 61(i)(1).

direct appeal of his conviction, a judgment of conviction is final 30 days after the Court imposes the sentence.[5]

8.     In these cases, Defendant was sentenced on April 12, 2013.  Defendant did not file a direct appeal of his convictions.  Defendant filed the R.61 Motion on February 8, 2021, more than 30 days after the Court imposed Defendant's sentences.  Accordingly, Defendant's PCR Motion is untimely and procedurally barred.[6]

9.     Moreover, this Court does not find that Defendant is entitled to relief from the procedural bars.[7]  Rule 61(i)(5) provides that the procedural bars to relief "shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements" of Rule 61(d)(2)(i) or (ii).[8]  Here, Defendant cannot establish that this Court lacked jurisdiction, or that his claims satisfy the pleading requirements of Rule 61(d)(2)(i) or (ii).  Therefore, Defendant cannot avail

---

[5] Super. Ct. Crim. R. 61(m)(1).

[6] *See* Super. Ct. Crim. R. 61(i)(1); Super. Ct. Crim. R. 61(m)(1).

[7] *See* Super. Ct. Crim. R. 61(i)(5); Super. Ct. Crim. R. 61(d)(2)(i)–(ii).

[8] *See* Super. Ct. Crim. R. 61(i)(5).  Under Rule 61(d)(2)(i)–(ii), the procedural bars to relief shall not apply if a defendant: (1) "pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted" or (2) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid."  Super. Ct. Crim. R. 61(d)(2)(i)–(ii).

himself of Rule 61(i)(5) to avoid summary dismissal of his first untimely R.61 Motion.

**NOW THEREFORE, this 12th day of May 2021, Defendant's Motion for Postconviction Relief is hereby SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**